STEPHEN E. RONK (SBN: 164333)
Email: sronk@gordonrees.com
ERIKA L. SHAO (SBN: 265917)
Email: eshao@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
RAYTHEON COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOO LEE,<br><br>             Plaintiff,<br><br>vs.<br><br>RAYTHEON COMPANY, a Delaware corporation; and DOES 1 through 10,<br><br>             Defendants. | CASE NO.<br><br>Complaint filed: 6/30/2016<br><br>**DEFENDANT RAYTHEON COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[28 U.S.C. §§ 1332, 1441, 1446]<br><br>[Concurrently filed with Declaration of Erika L. Shao] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant RAYTHEON COMPANY ("Defendant" or "Raytheon") hereby removes the state court action captioned *Joo Lee v. Raytheon Company, et al.,* Case No. BC 625666, Los Angeles County Superior Court, California (the "Action"), to this Court, the United States District Court for the Central District of California, pursuant to 28 United States Code sections 1332, 1441(a) and (b) and 1446. This case is being removed upon grounds of complete diversity of citizenship based on the following:

## I. PROCEDURAL HISTORY

1. On June 30, 2016, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled Joo Lee, Plaintiff, v. Raytheon Company, a Delaware company, and Does 1 through 10, Defendant, and docketed as Case No. BC625666.

2. The Complaint alleges two causes of action: (1) Retaliation and Wrongful Termination in Violation of Lab. Code § 1102.5; and (2) Wrongful Termination in Violation of Public Policy. A true and correct copy of the Complaint is attached to the concurrently filed declaration of Erika L. Shao ("Shao Decl.") as **Exhibit "A,"** pursuant to 28 U.S.C. § 1446(a).

3. On July 7, 2016, copies of the Summons, Complaint, Notice(s), Instructions, Attachment(s), Stipulation(s) and Order(s) were served on Defendant Raytheon Company. True and correct copies of these documents are attached to the concurrently filed Shao Decl. as **Exhibit "B"** pursuant to 28 U.S.C. § 1446(a).

4. On July 28, 2016, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of the State of California, County of Los Angeles. A true and correct conformed copy of Defendant's Answer to Plaintiff's Complaint is attached to the concurrently filed Shao Decl. as **Exhibit "C"** pursuant to 28 U.S.C. § 1446(a).

5. Pursuant to 28 U.S.C. section 1446(a), **Exhibits "A," "B," and "C,"** attached to the concurrently filed Shao Decl. constitute all process, pleadings, and orders served upon or by Defendant in this matter. (Shao Decl. at ¶ 5).

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely in that it is filed within thirty (30) days from July 7, 2016, the date Defendant was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

## III. BASIS FOR REMOVAL

7. This Court has original jurisdiction over this civil suit under 28 U.S.C.

1  section 1332(a), and it may be removed to this Court by Defendant pursuant to the
2  provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens
3  of different States and the matter in controversy exceeds the sum of $75,000
4  exclusive of interest and costs.

     **A.**    **Diversity of Citizenship**

8. For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

9. At the time the Complaint was filed and at the time of this notice, Plaintiff is and has been "a resident of Los Angeles County." (Complaint ¶ 3.) Thus, Plaintiff was and is a citizen of the State of California.

10. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1183-84 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id.*

11. At the time the Complaint was filed and at the time of this notice, Defendant was and is a corporation incorporated under the laws of the State of Delaware. (Shao Decl. ¶ 6 and **Exhibit "D"** attached thereto). At the time the Complaint was filed and at the time of this notice, the executive offices and corporate headquarters for Defendant were and are located in the State of Massachusetts. *Id.*

12. Defendant Raytheon is not a citizen of the State in which this action is pending and is a citizen of a different State than Plaintiff.

13. There are no other identified defendants. Defendants designated as DOES 1 through 10 are fictitious defendants, not parties to this action, have not

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

been named or served, and need not consent to removal. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded. *See,* 28 U.S.C. § 1441(a); *McCabe v. General Foods Corporation,* 811 F.2d 1336, 1339 (9th Cir. 1987).

### B. Amount in Controversy

14. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. *Id.*

15. To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).

16. If the complaint does not clearly establish the jurisdictional amount, then the court may consider facts in the removal petition. *Singer,* 116 F.3d at 377; *see also, Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.").

///

17.     Here, Plaintiff claims that he worked for Defendant for 18 years until his alleged wrongful termination. He claims he was retaliated against and that Raytheon wrongfully terminated his employment after he complained about alleged underreporting of his hours. (Complaint, generally). Plaintiff further states in his Complaint that he has suffered and continues to suffer damages including lost wages, salary, benefits, and bonuses he would have received had he been retained as an employee with Raytheon. (Complaint ¶¶ 31, 36, and Prayer for Relief). Plaintiff also seeks to recover attorney's fees and costs. (Complaint, Prayer for Relief). Additionally, Plaintiff seeks to recover punitive damages. (Complaint, Prayer for Relief). He also seeks damages to compensate him for pain and suffering and emotional distress. (Complaint ¶¶ 31, 36, Prayer for Relief).

### *Past and Future Lost Wages*

18.     At the time of Plaintiff's termination on June 16, 2015, he earned an annual salary of $157,934.40. (Shao Decl., ¶ 7). As of the date of this Notice, there have been approximately 54 weeks for which Plaintiff may claim lost pay. Accordingly, the amount of lost wages at issue at this time equals $164,008.80 ($3,037.20 per week x 54 weeks). This amount does not include any claims he makes for lost benefits, raises, bonuses, or other forms of compensation he would have received had he remained in his employment position. In addition, given that the trial date has not yet been set, and that it is unknown whether Plaintiff will be unemployed until that time, additional lost wages and benefits may accrue.

19.     In the event Plaintiff is successful in his claims, he could recover front pay for a period of time into the future. *See, Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years from the date of termination).

20.     Even conservatively estimating that Plaintiff seeks front pay benefits for only the next two years, the amount of future wages in controversy in this case

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1  would amount to $316,868.80 ($157,934.40.80 x 2 years). Combined, lost wages
2  as of July 27, 2016 and front wages for two years total approximately $474,803.20.

### *Non-Economic Damages*

21. Plaintiff also claims money damages for severe, excruciating and traumatic emotional distress and physical manifestations of the emotional distress and exacerbation of those injuries and symptoms. (Complaint ¶¶ 31, 36, Prayer for Relief). See, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); *see also*, *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, although vaguely pled, were potentially substantial).

22. California juries routinely award significant sums for non-economic damages to plaintiffs who allege discrimination and retaliation in employment. (Shao Decl. ¶ 8). *Christle v. Los Angeles Police Dept.* (Los Angeles Superior Court, 2007) – $1,000,000 in pain and suffering damages awarded to an employee who claimed she was demoted and harassed by her employer and that this conduct was discriminatory based on her race and retaliatory. (Shao Decl. ¶ 9; **Exhibit "E"**); *Baca v. County of Los Angeles* (Los Angeles Superior Court, 2001) – Plaintiff claiming age and race discrimination and retaliation was awarded $131,000 in emotional distress damages. (Shao Decl. ¶ 10; **Exhibit "F"**). Even if these two examples are outliers, there are plenty of examples where juries awarded over $100,000 in non-economic or emotional distress damages to plaintiffs alleging discrimination, failure to engage in the interactive process and/or retaliation. (Shao Decl. ¶¶ 11-13; **Exhibits "G," "H," and "I"**).

### *Punitive Damages*

23. Plaintiff also alleges that Defendant's actions directed toward him make him entitled to punitive damages. (Complaint ¶¶ 31, 37, Prayer for Relief). "It is well established that punitive damages are part of the amount in controversy

in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff's claim for punitive damages by itself could be in excess of $75,000.00.

### *Attorney's Fees*

24. Finally, Plaintiff seeks attorneys' fees. (Complaint, Prayer for Relief). In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Because attorneys' fees are recoverable to the prevailing party under most of Plaintiff's claims, the Court may consider the fees arising from time spent on Plaintiff's entire complaint in its computation of the jurisdictional amount in controversy. See, Cal. Govt. Code § 12965. Plaintiffs' attorneys' fees alone for discovery and the trial of this case will likely exceed $75,000.00. See, *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years of experience, attorneys' fees in individual discrimination cases often exceed the damages).

25. There are multiple examples of significant attorneys' fees awards in similar cases: *Muniz v. UPS* (United States District Court – Northern District of California applying California law) - $697,972 in attorneys' fees awarded to employee prevailing on FEHA gender/sex-based discrimination claim where the jury awarded only $27,280 in damages. (Shao Decl. ¶ 14; **Exhibit "J"**). *Plikaytis v. Roth* (San Diego County Superior Court, 2009) - $245,000 in attorneys' fees and costs awarded to employee prevailing in case alleging breach of contract and wrongful termination and interference with economic relationships. (Shao Decl. ¶ 15; **Exhibit "K"**).

26. Oftentimes the attorney's fee awards can exceed the award for damages. For example, in *Rolfe v. Los Angeles Community College District* (Los Angeles Superior Court 2002), the plaintiffs sued their employer alleging

discrimination against them based on their race. (Shao Decl. ¶ 16; **Exhibit "L"**). Even though the employees were awarded $792,500 in damages for front pay, back pay, general and punitive damages, the anticipated award of attorney fees post-judgment was estimated at $1,200,000. *Id.*

27. Defendant does not concede Plaintiff's claims have any merit, and provides the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a).

### IV. VENUE

28. Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a).

### V. NOTICE TO STATE COURT AND PLAINTIFF

29. Promptly after filing this Notice of Removal with this Court, Defendant will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. section 1446(d).

### VI. CONCLUSION

30. Defendant therefore removes the civil action filed in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: August 1, 2016

GORDON & REES LLP

By: _____
Stephen E. Ronk
Erika L. Shao
Attorneys for Defendant
RAYTHEON COMPANY

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 633 West Fifth Street, 52nd Floor, Los Angeles, CA 90071. On August 1, 2016, I served the within documents:

**DEFENDANT RAYTHEON COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Los Angeles, addressed as set forth below.

Abraham Mathew
Jacob George
Sang J. Park
MATHEW & GEORGE
500 S. Grand Avenue, Suite 1490
Los Angeles, CA 90071
Tel: 310-478-4349
Fax: 310-478-9580
Email: abraham@mathewandgeorge.com
Email: jacob@mathewandgeorge.com
Email: sang@mathewandgeorge.com
*Attorneys for Plaintiff*
*Joo Lee*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 1, 2016, at Los Angeles, California.

_____
Soo Arvizu